**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **ES as mother and best friend of BS, a** | ) | |
| | ) | |
| **minor**, | ) | **Case No.:** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **BOARD OF EDUCATION for HINSDALE** | ) | |
| | ) | |
| **TOWNSHIP HIGH SCHOOL DISTRICT #** | ) | |
| | ) | |
| **86,  Dr. LINDA YONKE, PATRICK** | ) | |
| | ) | |
| **HARDY, CHERYL MOORE, ART** | ) | |
| | ) | |
| **OSTROW and MICHAEL BELCASTER,** | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**<u>VERIFIED AMENDED COMPLAINT</u>**

Now come the plaintiffs, by and through their attorney, Steven E. Glink, and complaining against the defendants, states as follows.

**<u>STATEMENT OF THE CASE</u>**

This case a student athlete at Hinsdale South High School who was an all-conference boys varsity basketball player as a sophomore and a junior who did not even make the team as a senior. Plaintiffs contend that BS was "cut" from the varsity boys basketball team by defendant

Belcaster, the current head coach, in retaliation for making a complaint about the prior head coach of the boys varsity basketball team in violation of BS's First Amendment rights. .

Plaintiffs further contend that the remaining defendants had actual knowledge of Belcaster's actions and were utterly indifferent to them despite the Board of Education own "anti- retaliation" policy.

## JURISDICTION

This action is brought pursuant to the 42 USC 1983 as well as the First Amendment to the Federal Constitution, thereby raising questions of federal law. Jurisdiction is proper pursuant to 28 USC 1331. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

1. At all times relevant to this Complaint, ES was BS's mother. Both ES and BS are residents of Darien, DuPage county Illinois.

2. At all times relevant to this complaint, BS was a minor and a student athlete enrolled at Hinsdale South HS where he had been a member of the boys varsity basketball team for two years prior to this school year.

3. The district is a local public entity formed and operated pursuant to the Illinois School Code as well as other laws of the State of Illinois.

4. The district's principal office is located in Hinsdale, DuPage County, Illinois.

5. The BOE is a group of private citizens who have been elected to their offices and have all powers given to them, express or implied, by § 5/10 of the Illinois School Code, including but not limited to the hiring and dismissal of employees.

6. At all times relevant to this Complaint, Dr. Linda Yonke was employed by the BOE as the interim superintendent the district.

7. At all times relevant to this complaint, Patrick Hardy was employed by the BOE as the principal of Hinsdale South HS.

8. At all times relevant to the Complaint, Art Ostrow was employed by the BOE as the athletic director of Hinsdale South HS.

9. At all times relevant to this Complaint, Cheryl Moore was employed by the BOE. One of her assignments was that of complaint manager for any student who filed a complaint pursuant to Board policies 7.20 and 2.260.

**10.** At all times relevant to this Complaint, Michael Belcaster was employed by the BOE as the head coach for the Hinsdale South boys varsity basketball team.

## FACTS COMMON TO ALL COUNTS

11. During the 22-23 school year, BS was a member of the Hinsdale South HS varsity boys basketball team. The head coach of that team that year was Michael Moretti.

12. On May 7, 2023, pursuant to Board policies (see below), BS made a complaint against Moretti for alleged verbal abuse, bullying, humiliation. Defendants Hardy, Ostrow and Moore were aware of this complaint and participated in the school's investigative process.

13. Prior to making his complaints, BS was considered a stand out player on the varsity team having been named all-conference as a sophomore and a junior. BS had also received several other awards such as player of the week (twice) and three point shooting winner (attached as group exhibit # 1).

14. At all times relevant to this complaint, the BOE had adopted policy 2-260, The Uniform Grievance Policy, which provided in the pertinent parts as follows "A student, parent/guardian, employee, or community member should notify any District Complaint Manager if he or she believes that the Board of Education, its employees, or its agents have violated his or her rights guaranteed by the State or federal Constitution, State or federal statute, or Board policy…"

15. Similarly, the BOE had also adopted an anti-harassment policy (# 7.20) which provided in the pertinent parts as follows: "No person, including a School District employee or agent, or

student, shall harass, intimidate, or bully a student on the basis of actual or perceived: race; color; national origin; military status; unfavorable discharge status from military service; sex; sexual orientation; gender identity; gender-related identity or expression; ancestry; age; religion; physical or mental disability; order of protection status; status of being homeless; actual or potential marital or parental status, including pregnancy; association with a person or group with one or more of the aforementioned actual or perceived characteristics; or any other distinguishing characteristic. The District will not tolerate harassing, intimidating conduct, or bullying whether verbal, physical, sexual, or visual, that affects the tangible benefits of education, that unreasonably interferes with a student's educational performance, or that creates an intimidating, hostile, or offensive educational environment. Examples of prohibited conduct include name-calling, using derogatory slurs, stalking, sexual violence, causing psychological harm, threatening or causing physical harm, threatened or actual destruction of property, or wearing or possessing items depicting or implying hatred or prejudice of one of the characteristics stated above. Students are encouraged to promptly report claims or incidences of bullying, intimidation, harassment, sexual harassment, or any other prohibited conduct to the Nondiscrimination Coordinator, Building Principal, Assistant Building Principal, Dean of Students, a Complaint Manager, or any employee with whom the student is comfortable speaking. A student may choose to report to an employee of the student's same gender. Reports under this policy will be considered a report under Board policy 2:260, *Uniform Grievance Procedure*, and/or Board policy 2:265, *Title IX Sexual Harassment Grievance Procedure.* The Nondiscrimination Coordinator, Title IX Coordinator, and/or Complaint Manager shall process and review the report according to the appropriate grievance procedure. The Superintendent shall insert into this policy the names, office addresses, email addresses, and telephone numbers of the District's current Nondiscrimination Coordinator and Complaint Managers. The Nondiscrimination

Coordinator also serves as the District's Title IX Coordinator. **Nondiscrimination Coordinator/Title IX Coordinator:** Cheryl Moore - Assistant Superintendent of Human Resources5500 South Grant Street."

16. On June 14, 2023, the district substantiated BS's complaints against Moretti (the outcome letter is attached as exhibit #2).

17. As punishment, Moretti was demoted from head varsity coach to the freshman basketball coach.

18. Moretti's close personal friend, defendant Belcaster, was named as the varsity boys basketball coach following Moretti's demotion.

19. BS, now a senior, "tried out" for the varsity boys basketball team on 11/6-7/23. On the evening of 11/7/23, Belcaster posted a list of the students who made the boys variety team. BS was not on that list (e.g. he did not make the team).

20. Plaintiffs "appealed" this decision to the individual defendants. These appeals were rejected/denied.

21. As of the date this case was filed, BS is not a member of the Hinsdale South varsity boys basketball team.

## COUNT I-VIOLATION OF CIVIL RIGHTS

22. This count is brought pursuant to 42 U.S.C. 1983.

23. Plaintiffs incorporates his allegations contained in paragraphs 1-21 above as his allegations for this count.

24. Plaintiffs had a protectable right under the First Amendment to the federal constitution as well as board policies to file a complaint against Moretti.

25. According to the clearly established First Amendment law as well as the BOE's policy, retaliation for engaging in protected activity is prohibited.

26. Belcaster "cut" BS from the team in retaliation for plaintiffs filing their complaint against Moretti.

27. All individual defendants had actual knowledge of Belcaster's retaliatory actions.

28. On information and belief, the BOE had actual knowledge of BS's complaint against Moretti; the school's determination that BS's complaint was substantiated and that Belcaster cut BS from the varsity team because under the board's policies, the superintendent was obligated to inform the BOE of all of these things.

29. On information and belief, all of the individual defendants were final decision-makers with respect to the issues raised in this complaint (e.g. whether BS should be on the team),

30. The school defendants violated their policy in one or more of the following ways:

    a) Belcaster violated the policy as well as BS's First Amendment rights by cutting BS from the team in retaliation for BS's making a complaint about Moretti;

    b) Hardy, Ostrow, Moore and Yonke violated the policy by failing to investigate Belcaster's conduct after ES complained to them about BS being cut from the team;

    c) Hardy, Ostrow, Moore and Yonke violated the policy by failing to take any disciplinary action against Belcaster;

    d) The BOE violated the policy as well as BS's First Amendment rights by being utterly indifferent to Belcaster's retaliatory actions.

31. Municipal policies have the force of law. *Monell v. Department of Social Services*, 436 US 658, 98 S. Ct. 2018 (1978): *Walker v. Sheahan*, 526 F.3d 973 (7th Cir., 2008).

32. The action of the school/ municipal defendants violated BS's constitutional rights to equal protection and/or due process of law because (1) they did not comply with their own policy and (2) they allowed Belcaster to retaliate against BS for engaging in legally protected activity.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in his favor against all of the municipal defendants, jointly and severally, in an amount in excess of $75,000 plus costs and reasonable attorney's fees.

Respectfully submitted,

s/ Steven Glink

STEVEN E. GLINK

Law Offices of Steven Glink, ARDC # 6180869
Attorney for Plaintiffs
PO Box 1053
Northbrook, Illinois 60062
847/480-7749 (VOICE)
847/302-4529 (cell)
Email: steve@educationrights.com